RUSSELL WONG, Deputy
Consumer Counsel, Petitioner

v.

DORIS CAMINA, Director
Bureau of Budget and Management Research
Respondent

Civil No. 78-001
District Court of Guam
January 24, 1978

- - - - -

- - - - - -

DUENAS, Judge

### FINDINGS OF FACT AND
### CONCLUSIONS OF LAW; ORDER

Petitioner's petition for a writ of mandate directed against Doris Camina, Director, Bureau of Budget and Management Research, government of Guam, Respondent, came on regularly for hearing by the Court on January 23, 1978. The Petitioner was represented by Ronald J. Cristal, Assistant Attorney General and the Respondent appeared without representation.

The court having reviewed the record, having heard the argument of counsel, and being fully advised in the premises, makes the following

## FINDINGS OF FACT

1.    U.S. Public Law 94-385 provides for an appropriation to fund grants for state offices of consumer services to be granted to the various states and territories.

2.    The Petitioner, Deputy Consumer counsel, in his official capacity, applied for and was awarded a 100 percent federally funded grant in order to establish a Guam Office of Consumer Services.

3.    Respondent, Director, Bureau of Budget and Management Research, has the duty to release and authorize the release of account numbers whereby Federal grant recipients can receive the money granted to them in their capacities as representatives of the government of Guam.

4.    Petitioner has demanded the Respondent release said account number but respondent has refused to do so claiming that she is acting under the provisions of Guam P.L. 14-83 which prohibits the expenditure of Federal funds without an appropriation of the Guam Legislature.

5.    Without the account number prayed for by Petition, Petitioner cannot receive the money appropriated and granted to Guam by the U.S. Department of Energy and without said money the Office of Consumer Services as described in Public Law 94-385 would not be able to function in Guam.

6.    The Petitioner has no plain, speedy and adequate remedy at law.

Based on the Record, the Statutes and the foregoing findings of fact, the Court makes the following

## CONCLUSIONS OF LAW

1.    This Court has jurisdiction of this cause under the provisions of Title 48, United States Code, §1424 as it arises under the laws of the United States and involves interpretation of United States law.

2.    Section 1423j of Title 48, United States Code is paramount to local legislation and provides that the United States Congress can make appropriations directly to the government of Guam. Where these appropriations or grants completely fund a specific purpose without the need of local funding, and where the appropriation or grant does not provide for local legislative control, there is no authority for the Guam Legislature to assume the responsibility for reappropriating these funds.

3.    United States Public Law 94-385 and the grant made thereunder by the U.S. Department of Energy to the government of Guam is for a specific purpose and fully funds that purpose without the need for local funding or local legislative control.

4.    Petitioner is entitled to judgment directing the Respondent to lease and authorize the release of an account

number whereby Petitioner can receive the money appropriated and granted to Guam under Public 94-385.

ORDER:  Let judgment be entered accordingly.